UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIREFIGHTER SALES AND SERVICE, | ) | CASE NO. 1:14CV2337 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| TRAVELERS CASUALTY AND | ) | |
| SURETY COMPANY OF AMERICA, | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.**:

      This matter comes before the Court upon the Motion (ECF DKT #14) of Defendant, Travelers Casualty and Surety Company of America ("Travelers" or "Defendant"), to Dismiss or for Summary Judgment.  For the following reasons, the Motion is granted and the Complaint of Plaintiff, Firefighter Sales and Service ("Plaintiff" or "All Lines"), for payment under Travelers' Bond is dismissed.

**I. FACTUAL BACKGROUND**

      These facts are not disputed:  Plaintiff instituted this action against Travelers to recover against a payment bond issued in connection with a public project known as the Orchard School of Science PK-8, Combination Electrical and Technology Project.  Travelers

was the Surety for the Project's general contractor, NuSurge Electrical, Inc. Nusurge subcontracted with Total Systems Integration, Inc. ("TSI") and TSI sub-subcontracted with All Lines. All Lines was not in privity with NuSurge. All Lines agreed to furnish data communication network equipment, data communications wireless access points and integrated telephone systems for incorporation into the bonded Project in exchange for payment from TSI in the amount of $81,911.57. At TSI's direction, All Lines delivered its materials to TSI's warehouse on May 14, 2013. All Lines invoiced TSI for the materials on May 16, 2013. All Lines' materials were delivered to the Project site by TSI sometime between September 2013 and December 2013.

All Lines served a Notice of Furnishing, pursuant to R.C. § 1311.261, upon the principal contractor NuSurge on or about September 16, 2013. NuSurge paid TSI in full; but TSI never paid All Lines.

All Lines made a claim against Travelers' Bond. Travelers denied the claim for payment under the Bond, asserting that All Lines did not provide NuSurge with the Notice of Furnishing in a timely fashion under Ohio law. Travelers took the position that the relevant date was when All Lines delivered its materials to TSI's warehouse in May of 2013, and not when TSI ultimately delivered the materials to the Project site.

On January 16, 2015, finding that the most efficient course for this litigation would be to address the central legal issue: the timeliness of Plaintiff's Notice of Claim against Travelers' Bond (#002-SB-105737177) for a public works project at Orchard School of Science in the Cleveland Metropolitan School District, the Court ordered cross-briefing. The parties submitted their briefs on a Motion to Dismiss or alternatively, for Summary Judgment.

Although the question before it is purely one of law, the Court allowed the submission of additional documents with the parties' briefs. Therefore, the Court will address the dispute under the Rule 56 standard.

## II. LAW AND ANALYSIS

**Summary Judgment Standard of Review**

Summary judgment shall be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed.R.Civ.P. 56(a). The burden is on the moving party to conclusively show no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy. Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). The moving party must either point to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials" or show "that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." *See* Fed.R.Civ.P. 56(c)(1)(A), (B). A court considering a motion for summary judgment must view the facts and all inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.

This Court does not have the responsibility to search the record *sua sponte* for genuine

issues of material fact. *Betkerur v. Aultman Hospital Ass 'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992). The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass 'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Ohio Public Bond Law**

R.C. §§ 153.54, *et seq*. set forth the procedure by which a subcontractor or materials supplier may make a claim on a public improvement bond. Specifically, § 153.56 recites in pertinent part:

> (C) To exercise rights under this section, a subcontractor or materials supplier supplying labor or materials that cost more than thirty thousand dollars, who is not indirect privity of contract with the principal contractor or design-build firm for the public improvement, shall serve a notice of furnishing upon the principal contractor or design-build firm in the form provided in section 1311.261 of the Revised Code.
>
> (D) A subcontractor or materials supplier who serves a notice of furnishing under division (C) of this section as required to exercise rights under this section has the right of recovery only as to amounts owed for labor and work performed and materials furnished during and after the twenty-one days immediately preceding service of the notice of furnishing.

**Claim for Furnishing Materials**

Pursuant to R.C. § 1311.251, a valid claim for furnishing materials for public improvements arises when the materials are: "(A)(1) Furnished with the intent, as evidenced by the contract of sale, the delivery order, delivery to the site *by the claimant or at the claimant's direction*, or by other evidence, that the materials be used in the course of the public improvement with which the claim arises." (Emphasis added).

**Notice of Furnishing**

Pursuant to R.C. § 1311.261:

(A)(1) Every subcontractor and material supplier who wishes to exercise the subcontractor's or material supplier's rights under sections 1311.25 to 1311.32 of the Revised Code regarding claims for labor or work performed or materials furnished in furtherance of a public improvement *shall serve a notice of furnishing,* in accordance with division (B) of this section, on the principal contractor ... *within twenty-one days after the date that the subcontractor or material supplier first performed labor or work or furnished materials on the site of the public improvement ...*

(A)(2) ... If a subcontractor or material supplier serves the notice, the subcontractor or material supplier *shall have the rights* of sections 1311.25 to 1311.32 of the Revised Code with regard *to only amounts owed for labor or work performed and materials furnished during and after the twenty-one days immediately preceding service of the notice of furnishing.*

(Emphasis added).

In the instant case, All Lines furnished materials to a site of a public improvement, the Orchard School of Science PK-8, Combination Electrical and Technology Project. No one disputes that it was a public improvement project. Travelers issued a bond to NuSurge for the Project and for the protection of subcontractors, material suppliers or laborers who have lawful claims.

All Lines delivered its materials for the Project to the TSI warehouse on May 14,

-5-

2013, and invoiced TSI pursuant to its purchase order within days thereafter.  All Lines served NuSurge with its Notice of Furnishing on September 16, 2013, although All Lines performed no labor nor furnished materials after May of 2013.  TSI, and not All Lines, delivered All Lines' materials to the Project site between September and December of 2013.

Both All Lines and Travelers acknowledge that one purpose of the Notice of Furnishing is to notify the general contractor, who is not in privity with the claimant, that another entity is providing labor and/or materials to the bonded public work project.  The Notice is crucial to a general contractor who must answer to a public entity for work performed, for materials furnished and their quality and for obligations paid or remaining outstanding.  Clearly, NuSurge was not aware of All Lines' contributions to the Project nor that All Lines was not compensated for the materials it provided, prior to receiving the Notice of Furnishing.

To benefit under the Ohio Public Bond and Lien Laws and to exercise the right to recovery under Travelers' Bond, All Lines was required to issue its Notice of Furnishing within twenty-one days of the date it delivered its materials to TSI's warehouse.  The Court finds that All Lines cannot benefit from the later September date because All Lines did not furnish the materials to the public improvement site; TSI did.  R.C. § 1311.261(A)(1) unambiguously mandates that a subcontractor or material supplier, like All Lines, shall serve a notice of furnishing "within twenty-one days after the date that the subcontractor or material supplier first performed labor or work or furnished materials on the site of the public improvement."

The Court agrees with Travelers that, because the September 2013 Notice of

Furnishing was untimely, All Lines has no valid or lawful claim for the amount of $81,911.57 for materials furnished four months earlier.  Travelers properly denied payment under the Bond.

### III. CONCLUSION

For these reasons,  the Motion (ECF DKT #14) of Defendant, Travelers Casualty and Surety Company of America ("Travelers" or "Defendant"), to Dismiss or for Summary Judgment is granted and the Complaint of Plaintiff, Firefighter Sales and Service ("Plaintiff" or "All Lines"), for payment under Travelers' Bond is dismissed.

**IT IS SO ORDERED.**

            **s/ Christopher A. Boyko**
            **CHRISTOPHER A. BOYKO**
            **United States District Judge**
**Dated:  September 30, 2015**